IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zachary Lamar Mikell, #1278732, ) | C/A No.: 2:15-2125-PMD-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Scarlett A. Wilson and Meg Sprinkle, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Zachary Lamar Mikell ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Charleston County Detention Center. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Charleston County solicitors Scarlett A. Wilson and Meg Sprinkle (collectively "Defendants"), alleging malicious prosecution and prosecutorial misconduct. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging that Defendants violated his Sixth, Fourth, and Fourteenth Amendment rights. [ECF No. 1 at 3–4]. Plaintiff alleges that Assistant Solicitor Meg Sprinkle ("Sprinkle") conducted his preliminary hearing on July 10, 2013, although Plaintiff and the victim were not present at the hearing, and Plaintiff was not represented by counsel. *Id.* at 3. Plaintiff argues that at the time his preliminary hearing

was held that he was not informed that he had a right to have an attorney appointed. *Id.* Plaintiff claims that Sprinkle failed to produce substantial or sufficient evidence at his preliminary hearing in violation of his substantive due process rights. *Id.* at 4. Plaintiff contends that Sprinkle continued to prosecute his case in the absence of probable cause and seized Plaintiff pursuant to a legal process that was not supported by probable cause. *Id.* Plaintiff also alleges that Head Solicitor Scarlett A. Wilson ("Wilson") encouraged Sprinkle's "infractions of unconstitutional acts, fail[ed] to fix the situations and to adequately train the solicitors that she supervises." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff sues Wilson and Sprinkle for actions associated with the prosecution of his state criminal charges, including the continued prosecution of charges against him when the victim did not appear at his preliminary hearing. Prosecutors, however, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Accordingly, the undersigned recommends that

3

Plaintiff's complaint be summarily dismissed.[1] Because the federal claims in this case are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 1, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent that Plaintiff is asserting a supervisory liability claim against Wilson, this claim is also subject to summary dismissal as Plaintiff's complaint provides no allegations to demonstrate that Wilson was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (finding that a supervisory liability claim cannot rest on the theory of respondeat superior, rather, a plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and "an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.")

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).